# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE NON-PARTY SUBPOENA FOR PRODUCTION | ) ) ) | Misc. Case No. 2:17-mc-50 |
| MRI SOFTWARE LLC | ) ) | |
| Movant. | ) ) | |
| ENTRATA, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | District of Utah, Civil Action No. 2:15-DV-00102-CW-PMW |
| YARDI SYSTEMS, INC., | ) ) | |
| Defendant. | ) | |

---

## STIPULATED PROTECTIVE ORDER

---

WHEREAS, Entrata Inc. ("Entrata") has served a subpoena on MRI Software LLC ("MRI") related to Civil Action No. 2:15-DV-00102-CW-PMW (the "Underlying Action").

WHEREAS, the parties to the Underlying Action are Entrata and Yardi Systems, Inc. ("Yardi").

WHEREAS, MRI is not a party to the Underlying Action.

WHEREAS, without waiving its objections, MRI has agreed to provide documents in response to the subpoena served on it by Entrata (the "Subpoena") in connection with the Underlying Action subject to certain conditions.

WHEREAS, MRI, Yardi and Entrata wish to have ordered the provisions set forth herein;

NOW, THEREFORE, it is hereby ORDERED that the following provisions shall govern the conduct of discovery among MRI, Entrata, and Yardi in connection with the Subpoena:

1.  DEFINITIONS

    1.1.  "CONFIDENTIAL" Information or Items: means any trade secret or other confidential research, development, or commercial information or tangible things that qualify for protection under Federal Rules of Civil Procedure 26(c) or 45(d).

    1.2.  Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as detailed below).

    1.3.  Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in response to or in connection with the Subpoena.  Such items or information are governed by this Stipulated Protective Order.

    1.4.  Expert: a person with specialized knowledge or experience in a matter pertinent to the a claim or defense in the Underlying Action, that (a) has been retained by Entrata or Yardi or their Counsel to serve as an expert witness or as a consultant in the Underlying Action, (b) is not a past or current employee of Entrata, Yardi, MRI or RealPage, Inc. ("RealPage") or a competitor of Entrata, Yardi, MRI, or RealPage, and (c) at the time of retention, is not anticipated to become an employee of Entrata, Yardi, RealPage or a competitor of Entrata, Yardi, RealPage or MRI.

    1.5.  "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" Information or Items: sensitive "Confidential Information or Items" produced by MRI.

1.6. <u>HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL ONLY"</u> <u>INFORMATION OR ITEMS</u>: sensitive "Confidential Information or Items," produced by MRI, which would create a substantial risk of harm if shared with In-House Counsel for Yardi or Entrata.

1.7. <u>In-House Counsel</u>: In-House counsel is limited to the following designated in-house counsel for Entrata: Jared Hunsaker, Jamis Gardner, and Melinda Hicken. In-House Counsel also includes for Entrata Melinda Hicken, an in-house paralegal responsible for the Underlying Action. In-House Counsel also includes the following designated in-house counsel for Yardi: Arnold Brier, Brady Bustany, and Danielle Parrington. In-House Counsel does not include any other in-house lawyers, their employees, or any staff or contractors acting on their behalf.

1.8. <u>Outside Counsel of Record</u>: attorneys who are not employees of Entrata or Yardi but are retained to represent or advise Entrata or Yardi in the Underlying Action and have appeared in the Underlying Action on behalf of Entrata or Yardi. To qualify as Outside Counsel of Record, an attorney must from the date of the Protective Order through one (1) year after the termination of the Underlying Litigation, have no responsibility or involvement in providing business advice to Entrata, Yardi, or RealPage concerning MRI or the subject of Information or Items provided by MRI.

1.9. <u>Professional Vendors</u>: persons or entities that professionally provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or

medium) and their employees and subcontractors and who have been formally engaged to provide such services in connection with the Underlying Action. No individual employed or contracted with a Professional Vendor shall have access to Protected Material if such individual (a) has been an employee of Entrata or Yardi, or a competitor of Entrata, Yardi, MRI, or RealPage at any time during the 12 months preceding the disclosure, or (b) is a current employee of Entrata or Yardi, or a competitor of Entrata, Yardi, MRI, or RealPage.

1.10. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated by MRI as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL INFORMATION– OUTSIDE COUNSEL ONLY."

2. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Entrata or Yardi or Counsel for either that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (d) any information that is in the public domain at the time of disclosure to Entrata and Yardi or becomes part of the public domain after its disclosure to Entrata and Yardi as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (e) any information known to Entrata or Yardi through proper and lawful means, under no obligation of confidentiality, prior to the disclosure or obtained by Entrata or Yardi through proper and lawful means, under no obligation of

confidentiality, after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to MRI.

3.    DURATION

Even after final disposition of the litigation of the Underlying Action, the confidentiality obligations imposed by this Order shall remain in effect until MRI agrees otherwise in writing or an order of this Court otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Underlying Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Underlying Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.    DESIGNATING PROTECTED MATERIAL

MRI will use its reasonable best efforts to limit any designation of Protected Materials to specific material that qualifies under the appropriate standards. MRI shall designate Information or Items by affixing the legend 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY' or 'HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL ONLY' to each page of any document produced in TIFF, PDF, or other image format; for any documents produced in native file format or another format for which a confidentiality legend cannot be affixed in a page-by-page manner, MRI shall include the legend 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY' or 'HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL ONLY' in the electronic file name of each such document. An inadvertent failure to designate qualified Information or Items does not, standing alone, waive the confidentiality of that material or MRI's right to secure protection under this Order for such material. Upon correction of a designation, Entrata and Yardi must

make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. No Party will be responsible to another Party for disclosure of Confidential Information under this Order if the Confidential Information in question is not labeled or otherwise designated in accordance with this Order. All copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as to "copies") of documents designated as CONFIDENTIAL," "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL ONLY" made by Entrata or Yardi under this Order, or any individual portion of such a document, shall be affixed with the appropriate designation if the word does not already appear on the copy.

5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1.     <u>Timing of Challenges</u>. Entrata or Yardi may challenge a designation of confidentiality by MRI at any time.

5.2.     <u>Meet and Confer</u>. Entrata or Yardi shall initiate the dispute resolution process by providing written notice to MRI of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. Entrata or Yardi and MRI shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, Entrata or Yardi must explain the basis for its belief that the confidentiality designation was not proper and must give MRI an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

for the chosen designation. Entrata or Yardi may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that MRI is unwilling to participate in the meet and confer process in a timely manner.

5.3.    Judicial Intervention. If Entrata or Yardi and MRI cannot resolve a challenge without court intervention, Entrata or Yardi, as the party challenging the designation, shall file and serve a motion to challenge the designation in this Court. Each such motion shall be served on all parties to the Underlying Action, and MRI, and must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The parties disagree as to who bears the burden on such motion, and neither party waives any rights as to the foregoing. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose Entrata or Yardi to sanctions. The parties shall continue to afford the material in question the level of protection to which it is entitled under MRI's designation until the Court rules on the challenge.

6.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1.    Basic Principles. Entrata and Yardi may use Protected Material that is disclosed or produced by MRI only for prosecuting, defending, or attempting to settle the Underlying Action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation of the Underlying Action has been terminated, Entrata and Yardi must comply with the provisions of section 12 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by Entrata and Yardi at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

As to all computers on which Protected Materials are stored, Entrata and Yardi shall implement and maintain such administrative, physical, and technical safeguards as are necessary to and that reasonably and appropriately protect the confidentiality of the Protected Materials, including but not limited to firewalls, passwords, and other access-control mechanisms.

Nothing in this Order will bar Counsel for Entrata or Yardi from rendering advice to their respective clients with respect to the Underlying Action, but only the Underlying Action, and, in the course thereof, relying upon any Confidential Information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," provided that no Protected Materials, or Information or Items contained therein, is disclosed to those not authorized by this Order to receive it.

6.2.  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by MRI, Entrata and Yardi may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  Entrata's or Yardi's Outside Counsel of Record in the Underlying Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the litigation of the Underlying Action;

(b)  the officers, directors, and employees (including In-House Counsel) of Entrata or Yardi to whom disclosure is reasonably necessary for the Underlying Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of Entrata or Yardi in the Underlying Action to whom disclosure is reasonably necessary for the litigation of the Underlying Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff,  Professional Vendors, and professional jury or trial consultants (but excluding mock jurors) to whom disclosure is reasonably necessary for the litigation of the Underlying Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the Underlying Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by MRI or ordered by this Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

6.3.     Disclosure of "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES    ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by MRI, Entrata and Yardi may disclose any information or item designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" only to:

(a)     Entrata's or Yardi's Outside Counsel of Record in the Underlying Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the litigation of the Underlying Action;

(b)     Experts of Entrata or Yardi in the Underlying Action (1) to whom disclosure is reasonably necessary for the Underlying Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 6.5, below, have been followed;

(c)     the Court and its personnel;

(d)     court reporters and their staff, Professional Vendors and professional jury or trial consultants (but excluding mock jurors) to whom disclosure is reasonably necessary for the litigation of the Underlying Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     Entrata's or Yardi's In-House Counsel, as defined in paragraph 1.7, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

6.4.    "HIGHLY CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY" Information or Items.

(a)     Disclosure of "HIGHLY CONFIDENTIAL INFORMATION - OUTSIDE COUNSEL ONLY" Information or Items.    Information and Documents designated by MRI as "HIGHLY CONFIDENTIAL– OUTSIDE COUNSEL ONLY" shall be accessed and viewed only by i) Outside Counsel of Record who have executed the Agreement to be Bound (Exhibit A); ii) employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the litigation of the Underlying Action and who have executed the Agreement to be Bound; and iii) Experts (1) to whom disclosure is reasonably necessary for the Underlying Action, (2) who have signed the Agreement to Be Bound, and (3) as to whom the procedures set forth in paragraph 6.5, of the Protective Order, have been followed.  No prints or copies of any HIGHLY CONFIDENTIAL– OUTSIDE COUNSEL ONLY materials shall be made unless reasonably necessary for purposes of the Underlying Action.  If MRI produces materials via a platform that provides for printing with watermarks, Entrata and Yardi shall not remove such watermarks.  If any HIGHLY CONFIDENTIAL– OUTSIDE COUNSEL ONLY materials are copied, the Outside Counsel or Expert making the print or copy shall maintain a signed log for each print or copy made containing the following information:  name of person

making the copy; date and time of copy made; which number copy it is; and how the copy will be maintained and stored. These requirements apply to both digital and physical copies of the materials.  Copies of such logs shall be provided at MRI's request to MRI's outside counsel who have appeared in this action.

6.5.    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL ONLY" Information or Items to Experts.

(a)     Unless otherwise ordered by the Court or agreed to in writing by MRI, if Entrata or Yardi seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL ONLY" it first must make a written request to MRI that (1) identifies the general categories of "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL INFORMATION –OUTSIDE COUNSEL ONLY" information that Entrata or Yardi seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a non-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and Entrata or Yardi shall be available to meet and confer with MRI regarding any such engagement.

testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     Subject to the restrictions set forth in this Order, if Entrata or Yardi makes a request and provides the information specified in the preceding respective paragraphs, it may disclose the subject Protected Material to the identified Expert unless, within 14 days of MRI's receipt of the request, Entrata or Yardi receives a written objection from MRI, which such disclosure may be made no earlier than the date of MRI's consent to such disclosure or the expiration of 14 days from MRI's receipt of the request without MRI having made a written objection to the disclosure. Any such objection must set forth in detail the grounds on which it is based. The approval of disclosure to Experts must not be unreasonably withheld.

(c)     Upon receipt of written notification that MRI is withholding permission for Entrata or Yardi to disclose the Protected Information to the identified Expert, Entrata or Yardi must meet and confer with MRI (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, Entrata or Yardi may file an expedited motion seeking permission from this Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be served on all parties to the Underlying Litigation and must be accompanied by a competent declaration describing MRI's and Entrata's or Yardi's efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by MRI for its refusal to approve the disclosure. In any such proceeding, Entrata or Yardi shall bear the burden of proving that the

need to disclose the Protected Material to its Expert outweighs risk of harm that the disclosure would entail (under the safeguards proposed).

(d)    Experts shall be allowed to disclose material that is designated "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL ONLY" to subcontractors, assistants, or employees provided that the subcontractors, assistants, or employees (1) have been retained by the Expert to assist the Expert in completing his work for the Underlying Action, (2) are not past or current employees of Entrata or Yardi or a competitor of Entrata, Yardi, or MRI and (3) at the time of retention, are not anticipated to become an employee of Entrata or Yardi or a competitor of Entrata, Yardi, or MRI, and (4) have signed the Agreement to be Bound. The subcontractors, assistants, or employees must comply with all the same requirements and procedures as the Experts. Any Expert, or subcontractor, assistant, or employee of an Expert, who receives access to Protected Material shall not, from the date of receipt through one (1) year after the termination of the Underlying Action, have any responsibility or involvement in providing business advice to Entrata, Yardi or a competitor of Entrata, Yardi or MRI.

6.6    <u>Procedures for Use of Protected Materials in Pretrial or Trial Proceedings.</u>    To facilitate a public trial while permitting the protection of confidential information as allowed under the Federal Rules of Civil Procedure, before using or showing any Protected Material at trial or any pretrial proceeding, the party wishing to use such Protected Material must provide MRI reasonable notice of its intention to do so. If Entrata, Yardi, and MRI are unable to agree concerning whether such information may be used or the conditions under which such information may be used, then before using any such information, Entrata or Yardi must obtain an order from this Court permitting it to do so and stating the restrictions, if any, applicable to

such use.  The request for ruling should be made by motion, and MRI will be permitted a response to any such motion.  Notice of any such motion shall be given to all parties in the Underlying Action, who shall also be permitted a response to the motion.

6.7 <u>Procedures for Use of Protected Materials in Depositions</u>.  Entrata or Yardi shall give MRI seven days' notice ("Deposition Notice") if it expects a deposition to include Protected Material so that MRI can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings and that procedures sufficient to protect its Protected Material are enacted.  Except as necessary to enforce its rights reflected in the next sentence, MRI shall not disclose the substance or fact of such notice from Entrata or Yardi to any third party.  MRI will be permitted to seek an expedited order from this Court regarding the use of its Protected Material; any such filings, hearings, conferences, or correspondence with this Court shall be under seal.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by MRI.  Entrata and Yardi shall each be responsible to ensure that the court reporter or deposition officer is informed of these requirements. MRI shall be provided a copy of any transcript that contains Protected Material and has the right up to 21 days from its receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted.  MRI may specify

up to 21 days from MRI's receipt of the final transcript that the entire transcript shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL ONLY," where such designation is appropriate based on the contents of the transcript. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

6.8     <u>Filing Protected Material</u>. Entrata and Yardi shall not file in the public record in the Underlying Action or any other action any Protected Material, or any document that results in the public disclosure of Protected Material. If Entrata or Yardi wishes to file or otherwise submit any document containing Protected Material to the court in the Underlying Action, it shall first obtain leave of the court in the Underlying Action to file such document(s) under seal. .

6.9     <u>Expert Reports</u>. To the extent reasonably necessary to prosecute or defend the Underlying Action, Experts for Entrata or Yardi may include excerpts of Protected Materials in an expert report provided that the excerpts are appropriately marked under this Order and restricted to those who are entitled to have access to them as specified herein. An expert report that contains "HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL" information shall be subject to the additional protections for such materials, including without limitations, the protections set forth in paragraph 6.4(a).

7.     <u>PROSECUTION BAR</u>

Absent written consent from MRI, any individual who receives access to "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

INFORMATION–OUTSIDE COUNSEL" information shall not (1) be involved as an attorney in the prosecution of patents or patent applications relating to property management databases, software or algorithms; or (2) be involved in any capacity (as an attorney, expert, consultant, inventor, or otherwise) in the prosecution of patents or patent applications that relate to any of the technology produced or at issue in this case. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter parte* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL" information is first received by the affected individual and shall end two (2) years after final termination of the Underlying Action.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If Entrata or Yardi is served with a subpoena or a court order issued in other litigation (i.e., other than the Underlying Litigation) that compels disclosure of any information or items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL INFORMATION– OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY," then the party so served must:

(a) promptly notify MRI in writing. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the non-party that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by MRI.

If MRI timely seeks a protective order, then neither Entrata nor Yardi shall produce any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL INFORMATION–OUTSIDE COUNSEL ONLY" before a determination by the Court from which the subpoena or order issued, unless Entrata or Yardi has obtained MRI's permission.  Nothing in these provisions should be construed as authorizing or encouraging Entrata or Yardi to disobey a lawful directive from another court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Entrata or Yardi learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, then it must immediately (a) notify MRI in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Inadvertent or unintentional production of any document or thing subject to attorney-client privilege or work-product immunity shall not constitute a waiver of the attorney-client privilege or work-product immunity, if any, as they apply to those documents specifically or to

the subject matter of those documents generally. If MRI produces documents or things that it believes should have been withheld as privileged or work-product, MRI shall provide a written request for the return of those documents or things within a reasonable time after determining that the documents should not have been produced. MRI must disclose the basis for the assertion of privilege by listing the requested documents on a privilege log within ten (10) business days of providing the request for the return of the documents. Upon receipt of such written request, Entrata and Yardi must not use or disclose such documents or things or the information contained in them, and Entrata and Yardi shall promptly gather the original and all copies of such documents and things, take reasonable steps to retrieve the information if Entrata or Yardi disclosed it before receiving the request, and shall promptly return (if a true original) or destroy the document and all such copies to MRI. Entrata and Yardi shall confirm the return or destruction of all such information in writing within ten (10) business days of receiving the request by MRI. Entrata or Yardi may challenge the privileged nature of the recalled documents by filing a motion with the Court and requesting an in camera review of the documents or things in question, but under no circumstances may Entrata or Yardi use the document or its contents in challenging an assertion of privilege or work product protection, and under no circumstances may Entrata or Yardi assert as a ground for compelling production the fact or circumstance that the material has already been produced or disclosed.

11. MISCELLANEOUS

11.1. Right to Further Relief. Nothing in this Order abridges the right of any person or entity to seek its modification by this Court in the future.

11.2. Right to Assert Other Objections. By stipulating to the entry of this Order, neither Entrata, Yardi, nor MRI waives any right it otherwise would have to object to disclosing or

producing any information or item on any ground not addressed in this Order. Further, by stipulating to the entry of this Order, MRI: (i) is not agreeing that this Order is adequate to protect MRI's trade secrets or confidential information; (ii) is not waiving any protections that it is entitled to receive under Rule 45; (iii) is not agreeing that Entrata or Yardi is entitled to receive production from MRI and is not consenting to any production of any material at all to Entrata or Yardi; (iv) is not waiving its right to object to any order requiring MRI to produce documents or information to Entrata or Yardi, or to appeal or seek other review, such as through a petition for writ of mandamus, of any such order; and (v) and is not waiving its right to seek reasonable compensation or damages for any injury that may accrue to MRI as a consequence of any production that it may be required to make to Entrata or Yardi.  Additionally, neither Entrata, Yardi, nor MRI waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.3.   MRI shall have the option to deliver to Outside Counsel Protected Materials on portable media (e.g., thumb drives or disks) or other means that is encrypted and password protected, or via a review platform with adequate security protocols and features to protect such materials.   Entrata and Yardi shall not circumvent any security features of such media or platform.  Yardi and Entrata shall not object to the redaction of any portions of documents by MRI, so long as MRI provides a general statement of the reason(s) for such redaction that does not disclose the substance of the redacted material (e.g., irrelevant, non-responsive, subject to third party confidentiality obligations, privileged or immune).  To the extent required by Federal Rule of Civil Procedure 26(b)(5), MRI shall provide a privilege log for such redactions.

11.4.   Where this Order requires notice to MRI, such notice shall be provided in writing to all counsel of record for MRI in this action, with a copy to:  legal@mrisoftware.com .

12.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of the Underlying Action, as defined in paragraph 3 above, Entrata and Yardi must either return all Protected Material to MRI or destroy such material. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Entrata and Yardi must each submit a written certification to MRI by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that it has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3. Counsel shall maintain the originals of the Agreements to be Bound for a period of 1 year after final disposition of the Underlying Action. Copies of executed Agreements to be Bound shall be provided to MRI upon request.

13.    PERSONS BOUND. This Order shall take effect when entered and shall be binding upon all parties to the Underlying Action, all counsel of record in the Underlying Action and their law firms, and persons made subject to this Order by its terms. Undersigned counsel for Yardi and Entrata shall have responsibility for providing notice of this Order to Entrata and Yardi, Experts, Professional Vendors, other counsel in the Underlying Action and their respective law firms.

APPROVED:         */s/ Chelsey M. Vascura* _____

CHELSEY M. VASCURA

UNITED STATES MAGISTRATE JUDGE


/David Cross/_____

On behalf of Entrata


/Matthew Richards/_____

On behalf of Yardi


/Georgia Yanchar/_____

On behalf of MRI

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| IN RE NON-PARTY SUBPOENA | ) | Misc. Case No. 2:17-mc-50 |
| FOR PRODUCTION | ) | |
| | ) | |
| MRI, INC. | ) | |
| | ) | |
|     Movant. | ) | |
| ENTRATA, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | District of Utah, |
| | ) | Civil Action No. 2:15-DV-00102-CW-PMW |
| YARDI SYSTEMS, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

---

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

---

I, _____, [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

under the laws of the United States that I have read in its entirety and understand the Stipulated

Protective Order ("Order") approved by MRI, Entrata, and Yardi, and issued by the United

States District Court for the Southern District of Ohio on ____, 2017 in the above-captioned

action (Misc. Case No: 2:17-mc-00050). I agree to comply with and to be bound by all the terms

of the Order, and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly warrant, represent, and promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of the Action.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____